IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Ervin Allison, #CN-5493, ) | |
| ) | Civil Action No. 8:05-0282-DCN-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Raymond Colleran; and Henry ) | |
| McMaster, Attorney General of ) | |
| the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a former state prisoner[1] who is proceeding *pro se,* seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## FACTS PRESENTED

This case was transferred from the United States District Court for the Middle District of Pennsylvania by order of United States District Judge Yvette Kate filed January 27, 2005. The petitioner was indicted during the January 1998 term of the Kershaw County Court of General Sessions for possession with intent to distribute crack cocaine (m.s.j., ex. 1 at 51). On March 31, 1998, the petitioner, who was represented by

---

[1] According to a change of address document filed with the court on July 28, 2005, the petitioner now resides in New York. At the time the petition was filed, the petitioner was incarcerated in Pennsylvania.

attorney Leon Banks, pleaded guilty to possession of crack cocaine, third offense, before the Honorable M. Duane Shuler (m.s.j., ex. 1 at 3-10). Judge Shuler sentenced the petitioner to 12 years imprisonment (m.s.j., ex. 1 at 49). He did not appeal either his plea or his sentence.

On May 4, 1999, the petitioner filed a post-conviction relief ("PCR") application in the state circuit court (m.s.j., ex. 1 at 12). In the application, the petitioner alleged the following as his grounds: denial of effective assistance of counsel, violation of his Fourth Amendment rights, denial of due process of law, the "counsel and prosecutors aided and abetted," his guilty plea was coerced, and the "court's prejudicial statement" (m.s.j., ex. 1 at 17). The petitioner was represented by attorney John W. Wells. He was given an evidentiary hearing before the Honorable Alison Renee Lee on July 23, 2000. Judge Lee dismissed the application as untimely in a written order signed September 26, 2002 (m.s.j., ex. 1 at 46-48).

The petitioner filed a notice of appeal from the state PCR judge's order of dismissal (m.s.j., ex. 2). He was represented by attorney Aileen P. Claire, who filed a petition for a writ of certiorari in the South Carolina Supreme Court pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), and moved to be relieved as counsel (m.s.j., ex. 3). The state supreme court denied the petition and granted counsel's motion to withdraw on November 19, 2003 (m.s.j., ex. 4).

The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the instant petition is November 19, 2004 (*see* 2/3/05 order at 1 n.1). In his federal habeas corpus petition, the petitioner alleges "denial of right to appeal and PCR" (pet. at 4). The supporting facts alleged by the petitioner are as follows:

> Clearly the record shows through unrebutted testimony that Petitioner filed his application for PCR within the time required by state law. However, Petitioner, being incarcerated and unable to go to the Court House and personally file the PCR

2

>application, therefore, forcing the Petitioner to rely on the mail system and the inmate mailbox rule.

(Pet. at 4).

On March 11, 2005, the respondents filed a motion for summary judgment. By order of this court filed March 15, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. On April 19, 2005, the petitioner filed his opposition to the respondents' motion for summary judgment.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

>pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As set forth above, the one-year period generally runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. §2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a

notice of appeal, S.C.A.C.R. 203 (b)(2).[2] Accordingly, his conviction became final on April 11, 1998 (allowing 10 days following his sentencing on March 31, 1998, for filing of notice of appeal). Therefore, the petitioner had a year from April 11, 1998, in which to file his federal petition for it to be considered timely under the AEDPA's one-year limitations period.

The petitioner is entitled to have the limitations period tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). He filed his PCR application in the state circuit court on May 4, 1999, over three weeks after the one-year period expired. After the appeal was dismissed as untimely, the petitioner filed a petition for a writ of certiorari in the South Carolina Supreme Court, which was denied on November 19, 2003. Following the denial of certiorari, it was another whole year before he filed the instant petition.[3] Based upon the foregoing, the petitioner's federal petition clearly is not timely, as approximately two years of un-tolled time passed prior to its filing. However, out of an abundance of caution, this court will address the merits of the petitioner's claims.

The petitioner claims that he was denied his right to appeal. As noted by the respondents, his claim is more properly framed as one of ineffective assistance of counsel for failing to inform him of his right to appeal (m.s.j., ex. 1 at 35). Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v.*

---

[2]Rule 203. Notice of Appeal
    (a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
    (b) Time for service.
    ***
    (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b)(2)).

[3]As noted above, the *Houston v. Lack* delivery date of the instant petition is November 19, 2004.

5

*Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. A defendant who pleads guilty has no constitutional right to be informed by his attorney of his right to appeal. *See Carey v. Leverette*, 605 F.2d 745, 746 (4th Cir. 1979) (per curiam). The petitioner has shown no extraordinary circumstances that would dictate a different result. *See id.*

The petitioner also claims that he was denied a PCR proceeding. This claim fails because there is no federal right to a state PCR proceeding. Errors in state collateral proceedings are not cognizable on federal habeas review. *See Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the respondents' motion for summary judgment should be granted as the petition is barred by the statute of limitations. Further, even if the petition was timely, it should fail on the merits.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

September 19, 2005

Greenville, South Carolina